## STATE OF CONNECTICUT *v.* WALTER RYBCZYK

### REVIEW DIVISION OF THE SUPERIOR COURT

Decided June 9, 1967

*John J. Scanlan,* of Simsbury, for the defendant.

*John D. LaBelle,* state's attorney, for the state.

By THE DIVISION. The defendant, twenty-one years of age, pleaded guilty to an information in two counts charging (1) forgery, in violation of § 53-346 of the General Statutes, which provides for imprisonment for not more than five years, and (2) obtaining money by false pretenses, in violation of § 53-360, which provides for a fine of not more than $500 or imprisonment for not more than three years or both; and to a second information, charging failure to appear according to bail bond, in violation of § 53-154, which provides for imprisonment for not more than three years. On each of the three charges the court imposed a sentence of not less than one nor more than three years, to be served concurrently.

The defendant was employed at the Royal Typewriter Company in Hartford as a payroll control bookkeeper. In that capacity he received a check in the amount of $171.31, payable to one Charles R. Still, which had been returned for cancelation. The defendant forged the signature of the payee, and on November 18, 1965, he took the check to a bank and cashed it. Although he was not formally charged by reason thereof, there were twenty-one additional checks which he forged and cashed, involving sums in excess of $3000. Thereafter, the defendant failed to appear in accordance with his bail bond, because he said he was unable to get away from a computer school in Boston which he was attending.

The defendant has no prior record, and it appears that he does have psychiatric problems. However, his psychiatrist said, "He is fully aware of what he has done and his mood disorder does not interfere with his awareness of his legal difficulties and the fact that he is to be brought to trial." The defendant had no explanation as to what happened to the more than $3000 he realized from his crimes. His counsel said at the time of sentencing that he engaged in drinking and "blew it."

The defendant committed twenty-one crimes of forgery, although he was charged with only one. In addition, his failure to appear in court in accordance with his bail bond was in itself a serious violation. Under all the circumstances, the sentences imposed were fair and just and should stand.

PALMER, BARBER and KLAU, Js., participated in this decision.